UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BSD MANAGEMENT LLC,

              Plaintiff,

v.

ERAN ROZEN, et al.,

              Defendants.
_____/

Case No. 2:22-cv-11763

HONORABLE STEPHEN J. MURPHY, III

**ORDER GRANTING
PLAINTIFF'S EX-PARTE MOTION FOR ALTERNATE
SERVICE ON DEFENDANTS SALPAI INC. AND ERAN ROZEN [12]**

      Two days before the summons expired, Plaintiff moved ex parte for an order permitting alternate service on Defendants Salpai Inc. and Eran Rozen. ECF 12; *see* ECF 9, PgID 38 (explaining that "Defendants Rozen and Salpai Inc. must be served by September 21, 2022"). Plaintiff explained that Rozen is the CEO of Salpai Inc. ECF 12, PgID 69 (citing ECF 12-2). Plaintiff therefore served both Defendants Rozen and Salpai Inc. at Salpai Inc.'s corporate address through certified mail. *Id.*; *see* Fed. R. Civ. P. 4(e), (h)(1); Mich. Ct. R. 2.105(B). But the envelope containing process was returned without a response. *Id.* Plaintiff discovered that Defendant Salpai Inc. was represented by Mr. Joshua D. Levin-Epstein of the law firm Levin-Epstein & Associates in New York, New York in a separate civil action. ECF 12, PgID 70 (citing ECF 12-1 and ECF 12-4).

      Federal Rule of Civil Procedure 4(e)(1) allows a plaintiff to serve a person in any way authorized by the forum state's laws or the laws of the State where service

1

is made. *See generally* Mich. Ct. R. 2.105(A)–(H) (allowing service of process through personal delivery or through sending a summons and the copy of complaint by registered or certified mail). Although Michigan permits a court to authorize alternative means of service, the plaintiff must first show that "service of process cannot reasonably be made as [otherwise] provided" in the Michigan Court Rules. Mich. Ct. R. 2.105(J)(1). When a court authorizes alternate service, it must ensure that the service is "made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." *Id.*; *see also Lawrence M. Clark, Inc. v. Richco Const., Inc.*, 489 Mich. 265, 278–79 (2011) (same).

Plaintiff has shown that an attempt to serve Defendants by personal service has failed. ECF 12, PgID 68–71. For example, despite serving Salpai Inc. at its corporate address, process was returned to Plaintiff with no response. *Id.* at 69. And the evidence suggests that Defendant Rozen could have been on notice about the lawsuit given that he is the owner of Mr. Frost Inc.—a Defendant already in default. ECF 12-3, PgID 88–89 ("Eran Rozen . . . Owner, Mr. Frost, Incorporated."); *see* ECF 5 (clerk's entry of default against Defendant Mr. Frost, Inc.).

In sum, the Court finds that Plaintiff has tried to effect service of process on both Defendants and that Defendant Rozen appears to have evaded service of process. *See Grimes v. Bessner*, No. 17-12860, 2017 WL 4467549, at *2–3 (E.D. Mich. Oct. 6, 2017) (finding that a plaintiff who tried to effect service on an evasive defendant was entitled to an order allowing alternate service of process under Mich. Ct. R.

2.105(J)(1)); *see also Live Face on Web, LLC v. Stahold Corp.*, No. 17-13918, 2018 WL 3363727, at *3 (E.D. Mich. July 10, 2018) (determining that a defendant was evading service because he was aware of the attempts to serve him).

The Court will therefore require Plaintiff to effect service of process on Defendants Rozen and Salpai Inc. by sending the summonses, complaint, and a copy of this Order to Salpai Inc's attorney, Mr. Levin-Epstein of the law firm Levin-Epstein & Associates. Plaintiff must send the documents to the law firm's address through USPS certified mail. Plaintiff must also email Mr. Levin-Epstein the complaint, summons, and a copy of this Order at Joshua@levinepstein.com. *See* ECF 12, PgID 70; ECF 12-4, PgID 90. And Plaintiff must post the same documents on the front doors of Salpai Inc.'s business in New York.

The Court finds that these methods are reasonably calculated to provide Defendants with further notice of the proceedings and a chance to be heard. *See Live Face on Web, LLC*, 2018 WL 3363727, at *3 (holding that service on a defendant's assistant along with posting the summons and complaint on the defendant's front door and mailing copies to the defendant were reasonably calculated to provide actual notice of the proceedings and a chance to be heard).

Last, the Court will extend summons until October 7, 2022. Plaintiff must confirm on the docket that it effectuated service on Defendants using the methods prescribed in this order no later than October 7, 2022.

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's ex-parte motion for alternate service [12] is **GRANTED**.

3

**IT IS FURTHER ORDERED** that the summons are **EXTENDED** until **October 7, 2022**.

**IT IS FURTHER ORDERED** that Plaintiff must **CONFIRM** on the docket that it effectuated service on Defendants using the methods prescribed in this order **no later than October 7, 2022**.

SO ORDERED.

                                              s/ Stephen J. Murphy, III
                                              STEPHEN J. MURPHY, III
                                              United States District Judge

Dated: September 26, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 26, 2022, by electronic and/or ordinary mail.

                                              s/ David P. Parker
                                              Case Manager