UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BSD MANAGEMENT, LLC,             Case No. 22-11763

    Plaintiff,                                     F. Kay Behm
v.                                               United States District Judge

ERAN ROZEN, *et al.*,

    Defendants.
_____/

**OPINION AND ORDER DENYING MOTION FOR DEFAULT JUDGMENTS AND GRANTING MOTION TO SET ASIDE ENTRIES OF DEFAULT (ECF Nos. 29 and 33)**

**I.    INTRODUCTION AND PROCEDURAL HISTORY**

Defendant Bellas & Wachowski removed this action from Oakland County Circuit Court based on diversity jurisdiction on July 29, 2022. (ECF No. 1). Plaintiff, BSD Management, LLC, asserts claims of conversion, fraud, unjust enrichment, breach of implied contract, promissory estoppel, and breach of fiduciary duty. BSD filed an amended complaint on October 6, 2022. (ECF No. 18). BSD served Defendants Salpai and Rozen by alternate means, with permission of the court. (ECF Nos. 12, 13, 17). In response to an order to show cause, BSD requested clerk's entries of default against these Defendants, which were entered. (ECF Nos. 21, 22, 24, 25, 26). The Clerk of the Court denied BSD's

1

request for entry of default judgment and BSD filed a motion for the court to enter a default judgment against these two Defendants and a third Defendant, Mr. Frost, Inc. (ECF Nos. 27, 28, 29). The clerk's office entered a default against Mr. Frost, Inc. on August 16, 2022. (ECF Nos. 4, 5).

Defendants oppose the motion for default judgment and filed a motion to vacate the entries of default, claiming that the defaults must be vacated because service of process was faulty and, in the alternative, that they have established good cause sufficient to warrant setting aside the entries of default. (ECF Nos. 30, 33, 34, 35). The court held a hearing, via video conference, on these matters on March 29, 2023. For the reasons set forth below, the court **GRANTS** the motion to set aside the entries of default and **DENIES** the motion for default judgments.

II. ANALYSIS

When examining whether a default should stand or be set aside, the court's analysis must always bear in mind the overarching and strong federal preference for trials on the merits. *See Clark v. Johnston*, 413 F. App'x 804, 819 (6th Cir. 2011) ("In regard to the setting aside of defendants' default, the federal courts have a strong preference for trials on the merits.") (citing *Shepard Claims Serv. v. William Darrah & Assocs*., 796 F.2d 190, 193 (6th Cir. 1986)). Fundamental to the present inquiry before this court is whether service of process on Defendants was

2

proper. "Without proper service of process, the district court is without jurisdiction to make an entry of default against a defendant." *Sandoval v. Bluegrass Regional Mental Health-Mental Retardation Board*, 229 F.3d 1153, No. 99-5018, at *5 (6th Cir. 2000) (citing 10 A. Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2682); *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012) (explaining that "without proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant[,]" and "in the absence of personal jurisdiction, a federal court is powerless to proceed to an adjudication." (internal quotation marks and citations omitted)); *Etherly v. Rehabitat Systems of Mich.*, No. 13-11360, 2013 WL 3946079 (E.D. Mich. 2013) ("if service of process was not proper, the court must set aside an entry of default."). The plaintiff "bears the burden of perfecting service of process and showing that proper service was made." *Sawyer v. Lexington–Fayette Urban County Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)). As explained below, BSD has not established that service of process on Defendants was proper and thus, the entries of default must be vacated.

A. <u>Service on Mr. Frost, Inc.</u>

Defendants argue that service on Mr. Frost, Inc. was ineffective because BSD failed to file a proper affidavit of service as required by Fed. R. Civ. P. 4(l)(1). And because there was no affidavit of service, Defendants contend that it is impossible to know if service was properly effectuated under applicable law.[1] Affidavit or not, service on Mr. Frost, Inc. does not comply with applicable law.

Under Federal Rule of Civil Procedure 4(h), corporations must be served in a judicial district of the United States:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(1). Rule 4(h)(1)(B) authorizes service of process by mailing *and* personally serving a copy of the summons and complaint. *Lu v. SAP America*, 2022 WL 13983546, *3 (6th Cir. Oct. 24, 2022). BSD's affidavit in support of its request for clerk's entry of default against Mr. Frost, Inc. indicates that BSD

---

[1] Defendants refer to Mich. Ct. R. 2.105(A) as the source of the rule governing service. That provision, however, applies to service on individuals, not corporations.

4

served the summons and complaint via certified mail only on Mr. Frost, Inc.'s registered agent in New York. (ECF No. 4, PageID.21).[2] Accordingly, BSD's service on Mr. Frost, Inc. does not satisfy Rule 4(h)(1)(B).

However, BSD could also serve the complaint in accordance with Rule 4(h)(1)(A). That subsection references Rule 4(e)(1), which allows for service of process by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). Defendants' motion to set aside the default relies on Michigan law, not New York law, to assess whether BSD's service of process was legally sufficient.[3] Michigan Court Rule 2.105(D) requires that corporations be served by one of the following methods:

> (1) serving a summons and a copy of the complaint on an officer or the resident agent;

---

[2] According to the New York Department of State Division of Corporations entity database, the address used for service appears to be Mr. Frost, Inc.'s resident agent in the State of New York, not its corporate address. *See* https://apps.dos.ny.gov/publicInquiry/EntityDisplay (last accessed 3/30/23); (ECF No. 4). The court may take judicial notice of this fact. *See Koehn v. 313 Presents, LLC*, 2023 WL 36065, at *2 (E.D. Mich. Jan. 4, 2023) ("Courts may take judicial notice of an adjudicative fact" such as the identity of a defendant's resident agent because "the information ... is verifiable in public records.") (quoting *Novak v. Federspiel*, —— F.Supp.3d ——, ——, 2022 WL 17176832, at *4 n.5 (E.D. Mich. Nov. 23, 2022) (internal quotation marks and citations omitted) (citing *Bormuth v. Cnty. of Jackson*, 870 F.3d 494, 501 (6th Cir. 2017)).

[3] In its response, BSD does not suggest that it complied with either Michigan or New York law for service of process on a corporation.

> (2) serving a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation and sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation;
>
> (3) serving a summons and a copy of the complaint on the last presiding officer, president, cashier, secretary, or treasurer of a corporation that has ceased to do business by failing to keep up its organization by the appointment of officers or otherwise, or whose term of existence has expired;
>
> (4) sending a summons and a copy of the complaint by registered mail to the corporation or an appropriate corporation officer and to the Michigan Bureau of Commercial Services, Corporation Division if (a) the corporation has failed to appoint and maintain a resident agent or to file a certificate of that appointment as required by law; (b) the corporation has failed to keep up its organization by the appointment of officers or otherwise; or (c) the corporation's term of existence has expired.

Mich. Ct. R. 2.105(D).

As explained by the Sixth Circuit in *Lu*, Rule 2.105(D) is clear that "serving" is not the same as "sending" by mail. *Id*. at *4. Thus, where no personal service is accomplished, subsections 1-3 are not satisfied. *Id*. Again, BSD sent the summons and complaint to Mr. Frost, Inc. in New York via certified mail only; thus, service does not satisfy subsections 1-3. (ECF No. 4). While subsection (4) allows for

"sending a summons and a copy of the complaint," by registered mail, subsection (4) is *only* available as a method of service when a corporation "has failed to appoint and maintain a resident agent or file a certificate of that appointment," "has failed to keep up its organization by appointment of officers or otherwise," or "the corporation's term of existence has expired." *Lu*, at *5 (quoting Mich. Ct. R. 2.105(D)(4)). In *Lu*, where the corporation did not suffer from any of the defects identified in subsection (D)(4), the court found service of process deficient because the summons and complaint were mailed to the corporation's resident agent and personal service did not accompany that mailing. *Lu*, at *5. In *Lu*, the defects were two-fold. First, the summons and complaint were mailed to the resident agent, while subsection (D)(4) required the mailing to go to the corporation itself or an appropriate corporate officer, and the Michigan Bureau of Commercial Services. *Id*. Second, the option in (D)(4) is only available where the corporation also satisfied one of the criteria found in subsection (D)(4)(a)-(c). *Id*. Similarly, it appears that BSD served Mr. Frost, Inc.'s registered agent's address, not its corporate address, and there is no evidence that any of the criteria in (D)(4)(a)-(c) are satisfied. *See* note 2, *supra*. Accordingly, service on Mr. Frost, Inc. does not comply with Michigan law. Under such circumstances, the default must be set aside. *See Lu*, at *5 (Where service of process was insufficient, the

"district court's decision to set aside the entry of default … was not only proper, it was required.").

    B.    <u>Service on Salpai and Rozen</u>

Defendants argue, among other things, that BSD failed to properly serve defendants Salpai and Rozen because BSD served the state court summons, not a federal summons. They cite *Dean Mktg., Inc. v. AOC Int'l (U.S.A.) Ltd.*, 610 F. Supp. 149 (E.D. Mich. 1985) in support of their argument. In *Dean*, the court held that after removal to federal court, "service of process must be accomplished according to federal procedure." *Id*. at 152 (citing 28 U.S.C. §§ 1446, 1448). This requires the service of a federal summons with the complaint. *See* Wright & Miller, 4A Fed. Prac. & Proc. Civ. § 1082, Service in Removed Actions (4th ed.) (Where a defendant was not served prior to removal, "there is no process to 'complete' and new process must be issued pursuant to Rule 4."). Accordingly, where the plaintiff attempted to perfect service of process after removal by mailing a state court summons rather than a summons issued by federal court, service was ineffective. *Dean*, 610 F. Supp. at 152. The same is true here. Even assuming that BSD otherwise complied with the order allowing alternate service, the use of the state court summonses renders service defective, and the defaults must be set aside.

BSD argues, however, that any defects in service should be ignored because Defendants' counsel was aware of the lawsuit. This argument is unavailing. The Sixth Circuit has made clear that "[a]ctual knowledge and lack of prejudice cannot take the place of legally sufficient service." *LSJ Investment Company, Inc. v. O.L.D., Inc.*, 167 F.3d 320, 324 (6th Cir. 1999); *see also Nieves v. Kiekert AG*, No. 20-11467, 2020 WL 6335993, at *1 (E.D. Mich. Oct. 29, 2020) ("Actual knowledge of a lawsuit does not cure a technically defective service of process."). The court, therefore, rejects BSD's contention that actual knowledge of a lawsuit can override defective service of process.

## C. Good Cause Under Federal Rule of Civil Procedure 55

In the alternative, Defendants also argue that they have established good cause to justify setting aside the entries of default, including the assertion of several meritorious defenses. Rule 55 provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). A showing of "good cause" requires the court to consider three factors: (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant can offer a meritorious defense; and (3) whether the plaintiff will suffer prejudice from setting aside the default. *Woolery v. Hardin Cnty. Gen. Hosp.*, 2015 WL 2384359, at *1 (W.D. Tenn. May 19, 2015)

(citing *United States v. $22,050.00 in U.S. Currency*, 595 F.3d 318, 324 (6th Cir. 2010)).  However, where service of process is defective, the court "need not weigh the three factors," but must instead set aside the entry of default.  *Id*. (citing *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 355 (6th Cir. 2003), abrogated on other grounds, *Morgan v. Sundance, Inc.*, 142 S. Ct. 1708 (2022)).  Given that the court is required to set aside the entries of default based on the defective service of process, as outlined above, it need not address whether Defendants have established good cause under Rule 55.  Notably, even though the court need not address these factors, the decision outlined above is also consistent with the strong preference for trials on the merits in the federal court system.  *See Clark*, 413 F. App'x at 819 ("In regard to the setting aside of defendants' default, the federal courts have a strong preference for trials on the merits.").

      D.    <u>Motion for Default Judgment</u>

Given that the court has set aside the entries of default, BSD's motion for entry of default judgment must be **DENIED** as moot.  *See e.g.*, *OneMD-Louisville PLLC, LLC v. Digital Med, LLC*, 2020 WL 2461885, at *9 (W.D. Ky. May 12, 2020) (Where entry of default set aside, motion for default judgment denied as moot.).

## III. CONCLUSION

For the reasons set forth above, the motion to vacate the entries of default is **GRANTED** and the motion for default judgment is **DENIED**.

**SO ORDERED**.

s/F. Kay Behm
F. Kay Behm
United States District Judge

Dated: March 31, 2023